DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE VIRGIN ISLANDS,<br><br>v.<br><br>LEVAR POGSON,<br><br>                            **Defendant.** | Criminal Action No. 2011-017 |

**Attorneys:**
**Alphonso Andrews, Esq.,**
St. Croix, U.S.V.I.
    *For the United States and the Virgin Islands*

**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendant Levar Pogson's Objection (Dkt. No. 73) to the Magistrate Judge's Order (Dkt. No. 60) denying Defendant's Motion to Compel (Dkt. No. 40) the Government to disclose the personnel file of a law enforcement officer involved in this case. Defendant contends that the Magistrate Judge's finding that Defendant was not entitled to disclosure of the file, and this Court's local rule regarding disclosure of such material, are contrary to law. For the reasons that follow, the Court will deny Defendant's Objection and affirm the Magistrate Judge's Order.

# I. BACKGROUND[1]

On February 22, 2011, Virgin Islands Police Department ("VIPD") Sergeant Dino Herbert executed an affidavit in support of an application for a search warrant of Apartment 195, Building 31, of the John F. Kennedy Housing Community in St. Croix, United States Virgin Islands. The application was granted, and on February 25, 2011, VIPD officers executed the search warrant. In the process of executing the warrant, the officers encountered five people, including Defendant, and also found firearms, ammunition, illegal drugs, a digital scale, and substantial sums of money. As a result, all five individuals in the apartment were arrested. On September 1, 2011, a grand jury returned an Indictment charging Defendant with possession with intent to distribute marijuana, powder cocaine, and crack cocaine. (Dkt. No. 1). Defendant pleaded not guilty to the charges.

On November 2, 2011, Defendant filed a Motion to Compel seeking an order from the Court requiring the Government to disclose to Defendant the "Personnel and Internal Investigation Records of [Sergeant] Herbert and any other law enforcement agents the prosecution intends to call as witnesses during trial." (Dkt. No. 40 at 1). The Government opposed the motion contending that: (1) Defendant's request was overbroad; (2) Defendant had failed to make the necessary "plausible showing" that the files contain discoverable information to justify the search; and (3) the Government had complied with its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), Federal Rule of Criminal Procedure 16, and the local

---

[1] The Court detailed the factual and procedural history of this case in Memorandum Opinions issued on June 8, 2012 and November 19, 2012. (Dkt. Nos. 121, 159). This section is limited to the background relevant to resolving Defendant's Objection.

rules of Court by making specific requests to the law enforcement officers for impeachment evidence and reporting the results of those requests. (Dkt. No. 50 at 2).[2]

United States Magistrate Judge George W. Cannon, Jr. heard oral argument on Defendant's motion on November 23, 2011, and by Order dated November 30, 2011, denied the motion. (Dkt. No. 60). The Magistrate Judge found that that Defendant was "not entitled to the personnel files of the law enforcement witnesses 'without [providing] even a hint that impeaching material was contained therein." (*Id.* at 3) (quoting *United States v. Bertoli*, 854 F. Supp. 975, 1041 (D.N.J. 1994)). The Magistrate Judge concluded that Defendant's "attempts to show that Sergeant Herbert's personnel and internal investigation records *may* contain impeaching information by reciting inconsistent statements he made during court testimony in another case . . . does not suggest, much less prove, what specific impeachment evidence exists within the personnel files of Sergeant Herbert or any other law enforcement witness." (*Id.*) (emphasis in original).

Defendant filed an Objection (Dkt. No. 73) to the Magistrate Judge's Order contending that the "finding that [Defendant] is not entitled to disclosure of Sergeant Herbert's personnel and Internal Affairs files or any impeaching information contained in those files is contrary to law." (Dkt. No. 73 at 1-2). The Government filed its Response on May 11, 2012 (Dkt. No. 111), and Defendant filed his Reply on May 24, 2012. (Dkt. No. 116).

---

[2] The Government noted that in this case it complied with its typical practice, which "is to make specific requests to its law enforcement witnesses concerning: complaints against them alleging misconduct, prior opinions concerning their truthfulness, prior inconsistent statements by them, agency findings of misconduct relative to truthfulness, criminal charges filed against them and pending allegations of misconduct against them." (Dkt. No. 50 at 2). The Government indicated that no impeachment evidence was reported as a result of these requests, and thus no evidence was disclosed to Defendant. (*Id.*).

## II. DISCUSSION

Defendant claims that the Magistrate Judge's Order and Local Rule of Criminal Procedure 16.1 are contrary to law in that they improperly require a defendant requesting the Government to search or disclose the personnel or internal affairs files of law enforcement officers to first make a showing that the files contain discoverable information. As discussed below, the Court disagrees with Defendant's contention, and finds that both the Order and Local Rule 16.1 are consistent with Third Circuit precedent.

**A.     Legal Standards**

    **1.     Standard of Review for Objections to Magistrate Order**

A magistrate judge may hear and decide non-dispositive pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Upon timely objection from either party, however, the district court must set aside any part of a magistrate judge's order that is "clearly erroneous or is contrary to law." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 (3d Cir. 2009); Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, "a reviewing court can upset a [magistrate judge's] finding of fact, only if the court has the definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's conclusion of law is "contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Clarke v. Marriot Int'l, Inc.*, No. 1:08-cv-00086, 2010 U.S. Dist. LEXIS 40813, *8 (D.V.I. Apr. 23, 2010) (citation omitted).

    **2.     Disclosure Obligation**

In *Brady v. Maryland*, 373 U.S. 83 (1963), "the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where

the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Riley v. Taylor*, 277 F.3d 261, 300 (3d Cir. 2001) (citation omitted). "Evidence that may be used to impeach may qualify as *Brady* material." *Id*. (citing *Kyles v. Whitley*, 514 U.S. 419, 445 (1995) and *United States v. Bagley*, 473 U.S. 667, 676 (1985)). Impeachment evidence falls within the *Brady* rule when the reliability of a given witness may be determinative of the defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 154 (1972).

*Brady* and *Giglio* may require the disclosure of impeachment material contained in the personnel files of testifying law enforcement officers. *United States v. Dent*, 149 F.3d 180, 191 (3d Cir. 1998). When a defendant has made the requisite showing necessary to trigger a search of the files, "the government need only direct the custodian of the files to inspect them for exculpatory evidence and inform the prosecution of the results of that inspection, or, alternatively, submit the files to the trial court for in camera review." *Id*.

Local Rule of Criminal Procedure 16.1(a), which incorporates the *Brady* standard, creates a mechanism by which a defendant can obtain *Brady* material contained within the personnel files of law enforcement officers involved in a case:

> Upon request of the Defendant who articulates a *reasonable basis* for the belief that a particular law enforcement officer's personnel and/or internal affairs file may contain discoverable information . . . [,] [t]he United States Attorney for the District of the Virgin Islands must request that the Attorney General of the Virgin Islands search for and review all personnel and internal affairs files of such local, non-federal, law enforcement personnel, past or present, and report the results of such search and review to the United States Attorney, or directly to the District Court as provided by this rule. The report must contain the substance of all disciplinary reports; citizen complaints; departmental and/or agency complaints including any disposition; medical and/or psychological information which could reasonably bear on the officer's ability to observe, perceive or relate events, or which could affect such officer's creditability; positive drug and/or alcohol testing results; criminal charges whether prosecuted or not; the substance of all internal affairs investigative files including all allegations and dispositions; all

misconduct, complaints and reports; any other acts and information, whether substantiated or not, which could reasonably bear on the officer's credibility or character for truthfulness. If the Attorney General or the United States Attorney believes that portions of the information contained in the report should not be disclosed, either one or both may request a protective order under Federal Rule of Criminal Procedure 16(d)(1).

LRCr 16.1(a) (emphasis added). Further, Local Rule of Criminal Procedure 16.1(c) provides:

If a search and review of records conducted under subsection (a) reveals nothing to be disclosed, the United States Attorney must file a statement including the following information: that a search was conducted, the extent of the search, the existence of any protective order, and that there is no information not subject to a protective order that is material to the preparation of the defense.

LRCr 16.1(c).

**B. Analysis**

Defendant's Objection requires the Court to consider what showing—if any—a defendant must make to trigger the Government's obligation to search for impeachment material or disclose the personnel files of testifying law enforcement officers pursuant to *Brady* and *Giglio*.

As a prerequisite for searching the files of law enforcement officers, Local Rule of Criminal Procedure 16.1(a) requires a defendant to articulate a "*reasonable basis* for the belief that a particular law enforcement officer's personal and/or internal affairs file may contain discoverable information . . . ." LRCr 16.1(a) (emphasis added). In his Order, the Magistrate Judge found that Defendant had failed to provide "even a hint that impeaching material was contained" in the requested files, and denied Defendant's Motion to Compel production of the files. (Dkt. No. 60 at 3).

Defendant asserts that Local Rule 16.1 and the Magistrate Judge's Order are contrary to law. Specifically, Defendant contends that the Court should follow the rule announced by the Ninth Circuit in *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and find that a defendant's discovery request by itself—irrespective of any showing that discoverable

6

information is contained in a file—is sufficient to trigger the Government's obligation to search the files and produce exculpatory material contained therein.

This Court will decline Defendant's invitation to follow *Henthorn*, and will instead follow precedent from the Third Circuit and persuasive authority from other circuits which require Defendant to make a showing beyond mere speculation that discoverable information is contained in the requested files.

In *United States v. Allick*, No. 2011-020, 2012 U.S. Dist. LEXIS 22269 (D.V.I. Feb. 22, 2012), this Court examined Local Rule of Criminal Procedure 16.1 and the legal principles it embodies. In addressing the propriety of the "reasonable basis" showing necessary to trigger the Government's obligation to produce a law enforcement officer's files, the Court pointed to the legal principles that govern the *Brady* analysis. The Court explained:

> In the similar context of obtaining an *in camera* inspection of law enforcement personal files to determine whether the information contained therein should be disclosed to the defendant under *Brady*, the Third Circuit has held that "[a] defendant seeking an in camera inspection to determine whether files contain *Brady* material must at least make a "plausible showing" that the inspection will reveal material evidence . . . Mere speculation is not enough." *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001) (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987) and *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984)). Indeed, absent some articulable reason beyond "mere speculation," courts have routinely denied defendants' requests for access to police personnel files in various contexts. *See, e.g., United States v. Lafayette*, 983 F.2d 1102, 1106 (D.C. Cir. 1993) (denying disclosure of personnel files in motion for new trial because "nothing in appellants' brief informs us why they have any reason to believe that the personnel files would provide any useful evidence whatsoever."); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) ("Mere speculation that a government file may contain Brady material is not sufficient to require a remand for in camera inspection, much less reversal for a new trial.") (quoting *United States v. Navarro*, 737 F.2d 625, 631 (7th Cir. 1984)).

*Id.*, 2012 U.S. Dist. LEXIS 22269 at *12-14. Thereafter, the Court applied the legal standard and ordered the Government to review the officer's files and comply with Local Rule 16.1 because

7

"the showing made by Defendant that [the] files may contain exculpatory material is *just enough* to overcome the label of 'mere speculation.'" *Id.* at *16-17 (emphasis in original).

Additional case law from the Third Circuit supports the Court's conclusion in *Allick* that mere speculation is insufficient to require production. *See, e.g., Maynard v. Gov't of the V.I.*, 392 F. App'x 105, 116 (3d Cir. 2010) (rejecting a *Brady* claim based on "pure conjecture" and stating that "a defendant may not rest a *Brady* claim on the *mere hope* that he will discover exculpatory information . . . . Instead he *must make a concrete showing* that he has a fair probability of discovering such evidence.") (citing *Wood v. Bartholomew*, 516 U.S. 1, 6 (1995) and *United States v. Aleman*, 548 F.3d 1158, 1164 (8th Cir. 2008)) (emphasis added); *United States v. Rodriguez*, No. 10-4129, 2012 U.S. App. LEXIS 14894, *3-5 (3d Cir. July 20, 2012) ("In camera review of possible Brady material is warranted when the defendant makes a 'plausible showing,' based on more than '[m]ere speculation,' that the inspection will reveal material evidence favorable to the defendant.") (citing *Riley*, 277 F.3d at 301); *see also United States v. Charles*, No. 10-cr-37, 2011 U.S. Dist. LEXIS 74367, *19-20 (D.V.I. July 8, 2011) (denying a *Brady* claim premised on "mere speculat[ion]" where the defendant failed to "produce some evidence" to show that the search of the files following a *Brady* request would have borne fruit) (citations omitted).

Accordingly, the Court finds that the Magistrate Judge's Order was not contrary to law. His decision did not "misinterpret[] or misappl[y] the applicable law." *Clarke*, 2010 U.S. Dist. LEXIS 40813, *8 (D.V.I. Apr. 23, 2010). Instead, his conclusion that Defendant was not entitled to the files without "even a hint" that impeaching material was contained therein is consistent with decisions in the Third Circuit holding that mere speculation about the presence of impeaching material is insufficient to require production. Similarly, the Court finds that Local

Rule of Criminal Procedure 16.1 incorporates the governing *Brady* standard in the Third Circuit.[3] Therefore, the Court will deny Defendant's Objection and affirm the Magistrate Judge's Order.[4]

### III.  CONCLUSION

For the reasons discussed above, the Court finds that neither the Magistrate Judge's Order (Dkt. No. 60) nor Local Rule of Criminal Procedure 16.1 are contrary to law. Accordingly, the Court will deny Defendant's Objection (Dkt. No. 73) and affirm the Magistrate Judge's decision. (Dkt. No. 60). An appropriate Order accompanies this Memorandum Opinion.

Date: January 11, 2013
_____/s/_____
WILMA A. LEWIS
District Judge

---

[3] Defendant contends that Local Rule 16.1 is void because this Court has the authority to promulgate procedural rules only, not substantive ones. (Dkt. No. 73 at 10). As discussed above, Local Rule 16.1 is not substantive in nature because it simply incorporates the *Brady* standard as interpreted by the Third Circuit, and provides a procedural mechanism for obtaining *Brady* material.

[4] Defendant also argues that cases underlying Local Rule 16.1, and by extension the rule itself, are no longer good law in the wake of broad pronouncements contained in *Kyles v. Whitley*, 514 U.S. 419 (1995), and *United States v. Risha*, 445 F.3d 298 (3d Cir. 2006), regarding prosecutors' duty to disclose favorable evidence to defendants. (Dkt. No. 73 at 9-11). This argument is unpersuasive. Neither of those decisions addressed the showing a Defendant must make to trigger the Government's disclosure obligations under *Brady*. Moreover, the Third Circuit has repeatedly reaffirmed—well after those decisions were issued—that mere speculation is insufficient to trigger the obligation. *See, e.g., Rodriguez*, 2012 U.S. App. LEXIS 14894 at *3-5; *Maynard*, 392 F. App'x at 116.